UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Vincent Bowers, | Civil Action No.: 12cv535 |
| Plaintiff, | |
| v. | |
| Synergetic Communication, Inc., | Complaint |
| Defendant. | |

_____

## INTRODUCTION

1. Plaintiff Vincent Bowers brings this action for actual and statutory damages resulting from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

## JURISDICTION AND VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this District arises pursuant to 28 U.S.C. § 1391(b) since Defendant Synergetic Communication, Inc. transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiff Vincent Bowers is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Synergetic Communication, Inc., (hereinafter "Synergetic") is a foreign business corporation created and existing under the laws of the State of Texas. Synergetic is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff Vincent Bowers is alleged to have incurred and later defaulted on a debt. Said alleged debt will hereinafter be referred to as "the subject debt".

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. On or about February 17, 2012 Plaintiff contacted Defendant by telephone and spoke with Ms. Hubbard.

11. During said communication Defendant failed to disclose the communication was from a debt collector.

12. During said communication Defendant stated:

*"Ok now, what you have to understand now is if you don't make any arrangements to take care of it then, that forces their hand to take further action if needed."*

13. Said statement caused Plaintiff to believe if he did not make payment on the account, a lawsuit would be filed against him.

2

14.     On or about March 20, 2012 Plaintiff contacted Defendant by telephone and spoke with an unidentified female.

15.     During said communication Defendant failed to disclose the communication was from a debt collector.

16.     On or about March 20, 2012 Defendant contacted Plaintiff by telephone and spoke with Mary Wyatt.

17.     During said communication Defendant failed to disclose the communication was from a debt collector.

18.     On or about March 30, 2012 Defendant contacted Plaintiff by telephone and spoke with Mary Wyatt.

19.     During said communication Defendant failed to disclose the communication was from a debt collector.

20.     During said communication Defendant made the following statements: *"You are aware that, you know if GMAC, or Ally, which is what they are now, pulls the account from our office then it's basically all put in their hands.  Uh, there are a couple of stipulations on your account, but they'll notify you about those"* and *"I took it out of protected status.  If someone else calls you, or if GMAC pulls it, then they'll discuss those matters with you what, you know, what can be done and what cannot be done on the account."*

21.     Said statements caused Plaintiff to believe a lawsuit against him had begun or was imminent.

22.     No lawsuit has been filed against Plaintiff on the subject debt.

23.     No lawsuit is intended against Plaintiff on the subject debt.

3

24. As a result of Defendants actions, Plaintiff suffered anxiety, loss of sleep, stress, nervousness, emotional distress, and irritability.

## CAUSE OF ACTION

25. The aforementioned acts of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

26. Defendant violated 15 U.S.C. §1692e(11) on February 17, 2012, March 20, 2012, and March 30, 2012 in the oral communications made those days, by failing to disclose the communications were from a debt collector.

27. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on February 17, 2012 and March 30, 2012, in the oral communications made those day, by implicitly threatening that a lawsuit would be filed against Plaintiff if he did not make payment on the subject debt.  Said action is false, misleading, and deceptive.

28. Defendant violated 15 U.S.C. §1692d(6) on March 20, 2012 and March 30, 2012 in the oral communications made those days, by failing to disclose the communications were from a debt collector.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, along with reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

(d) For any and all additional relief as this Court deems just and proper.

**JURY DEMAND**

Please take notice that Plaintiff demands a trial by jury in this action.

Date: June 8, 2012

Respectfully submitted,

/s/ Cyrus B. Chubineh

Cyrus B. Chubineh, Esq.
PO Box 714
Getzville, NY 14068
Tel: 716-864-0715
Fax: 716-478-8540
chubineh@yahoo.com
Attorney for Plaintiff